**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)
Jordan D. Santo, Esq. (152892015)                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ALICIA LONG,** | : | **Civil Action No.** |
| **10101 Northeast Avenue, Apartment K7** | : | |
| **Philadelphia, PA 19116** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **COMMUNITY OPTIONS, INC.,** | : | |
| **16 Farber Road** | : | |
| **Princeton, NJ 08540** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Alicia Long (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Community Options, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Community Options, Inc. is a nationally based nonprofit organization with a location and corporate headquarters located at 16 Farber Road,

Princeton, NJ 08540.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

2

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the NJLAD.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and sex discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2024-07982 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 24, 2025. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a Black female.

21. On or about January 3, 2022, Defendant hired Plaintiff in the position of Executive Director ("ED").

22. Plaintiff was well qualified for her position and performed well.

23. Since Plaintiff worked at Defendant, she significantly increased Defendant's revenue.

24. Plaintiff's peers, other Executive Directors – Ariel Tucker (Caucasian, female), Petrick Sanders (Black, male), Kyle Dicks (Black, male) and Name Unknown (Caucasian, female) were treated more favorably by Bridget Haney (Caucasian, female), Regional Director and Plaintiff's supervisor.

25. Although Plaintiff was performing the best amongst her peers, including succeeding in obtaining state licensing while others failed, Haney nitpicked Plaintiff's work and made her terminate essential subordinates.

26. Additionally, Haney did not permit Plaintiff to hire a new nurse when the nurse Plaintiff had under her purview was not performing well.

27. Defendant also limited Plaintiff's support staff, which arbitrarily increased Plaintiff's workload compared to her peers outside of her protected classes.

28. Plaintiff's peers each had an Assistant and two (2) Directors working for them.

29. Plaintiff did not have an Assistant and only had one Director.

30. Plaintiff received about 67% less support than her peers who are outside of her protected classes.

31. Despite this, Plaintiff performed her job well and excelled.

32. The better Plaintiff performed, the more Haney discriminated against her.

33. Haney gave her unreasonable and unaccomplishable tasks in order to set Plaintiff up for failure.

34. Although Plaintiff completed those tasks successfully, Haney ordered Long to redo those tasks or did not give her credit for her performance.

35. In or around July 2023, Haney issued Plaintiff a Performance Improvement Plan ("PIP") arbitrarily based on an issue one of Plaintiff's nurses was having.

36. Plaintiff complained to Brianna Reed, Human Resources, about Haney's discriminatory and harassing treatment in the issuance of the PIP.

37. Plaintiff stated she did not believe that the PIP was fair compared to the treatment of her peers outside of her protected classes.

38. Defendant took no action on the PIP, deciding to allow the discriminatory PIP to stand.

39. In or around mid-September 2023, Plaintiff asked Haney for her performance review which she expected to receive.

40. Haney refused to provide Plaintiff with a performance review and instead told Plaintiff to meet her in King of Prussia, PA.

41. Plaintiff met with Haney, who told her that Defendant wanted to demote Plaintiff and for her to accept a $10,000 decrease in salary.

42. Defendant only gave Plaintiff the weekend to decide if Plaintiff would take the position or not return.

43. Defendant subsequently replaced Plaintiff with Preston Roach (Black, male), Haney's Assistant.

44. Plaintiff was shocked by this adverse personnel action since she had previously received a 4/4 rating on her last performance evaluation.

45. Plaintiff ultimately took a medical leave due to the stress caused by Defendant's discriminatory treatment and harassment towards her.

46. As additional background information, Haney previously engaged in discriminatory treatment of Black women at Defendant's locations in Pittsburgh and, instead of taking corrective action, Defendant moved Haney to Plaintiff's region, where Haney's discriminatory treatment and behavior continued.

47. As such, Defendant knew or should have known of Plaintiff's tendency to discriminate based on race and/or sex and failed to appropriately address Haney's harassment, discrimination, and creation of a hostile work environment for employees at Defendant, including Plaintiff.

48. In January 2024, Plaintiff again reported Haney's discriminatory treatment.

49. However, Defendant did not address Plaintiff's complaint.

50. Following Plaintiff's complaint of the discriminatory conduct, Haney's discriminatory harassment intensified.

51. On May 13, 2024, Plaintiff went out on an approved medical leave of absence in the form of Family and Medical Leave Act of 1993, as amended ("FMLA").

52. However, on May 15, 2024, Defendant terminated Plaintiff.

53. Haney and Defendant discriminated against Plaintiff based on her race and sex.

54. Haney and Defendant treated Black males better than Black females, and Caucasian females better than Black females.

55. This constitutes racial and sex-based discrimination under Title VII and the NJLAD.

56. Defendant also retaliated against Plaintiff for engaging in protected activity when she complained of Haney's discriminatory treatment towards her, which is also in violation of Title VII and the PHRA.

57. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RACE DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of protected classes in that she is Black.

60. Plaintiff was qualified to perform the job for which she was hired.

61. Plaintiff suffered adverse job actions, including, but not limited to termination.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

64. Defendants discriminated against Plaintiff on the basis of race.

65. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – RACE DISCRIMINATION**
**NEW JERSEY LAW AGAINST DISCRIMINATION**

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

69. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – GENDER DISCRIMINATION**
**TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED**

70. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

71. Plaintiff is a member of protected classes in that she is female.

72. Plaintiff was qualified to perform the job.

73. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

74. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

75. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

76. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

77. Defendant terminated Plaintiff.

78. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages

as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – GENDER DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff is a member of protected classes in that she is female.

81. Plaintiff was qualified to perform the job.

82. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

83. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

84. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

85. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

86. Defendant terminated Plaintiff.

87. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

9

## COUNT V – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

88. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

89. Plaintiff engaged in activity protected by Title VII when she made internal reports of discrimination.

90. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

91. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

92. Defendant's conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

93. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

94. Plaintiff engaged in activity protected by the NJLAD when she made internal reports of discrimination.

95. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

96. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

97. Defendant's conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Alicia Long, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the NJLAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: May 27, 2025            By:    /s/ David M. Koller
                                      David M. Koller, Esquire (90119)
                                      Jordan D. Santo, Esquire (320573)
                                      2043 Locust Street, Suite 1B
                                      Philadelphia, PA 19103
                                      215-545-8917
                                      davidk@kollerlawfirm.com
                                      jordans@kollerlawfirm.com

                                      *Counsel for Plaintiff*